### J. E. GWIN *v.* J. N. McLEAN.

PAYMENTS.  *When applied most beneficially to creditor.  Course of dealings of parties.*

> Where payments are made by a debtor without instructions as to which of several debts shall be credited therewith and there is no agreement as to how the same shall be applied, if the course of dealings between the parties authorize the creditor to rely upon a tacit understanding that payments may be applied most beneficially for him, the law will apply them accordingly, though the creditor neglect to do so.

APPEAL from the Circuit Court of Holmes County.

HON. R. W. WILLIAMSON, Chancellor.

The bill in this cause, filed by J. N. McLean against G. C. Phillips and J. E. Gwin, shows that Gwin holds the promissory notes of Phillips, given for the purchase-money of a piece of land bought of McLean, as collateral security for debts due him by the complainant individually and as a member of the firm of G. A. McLean & Co. It seeks to ascertain the amount due Gwin by the complainant and G. A. McLean & Co., to collect the notes of G. C. Phillips by enforcing the vendor's lien on the land sold him by McLean, and to have so much of the money thus collected as may be required applied to the payment of the indebtedness to Gwin, and the balance paid to the complainant.

The evidence shows that during a number of years there were dealings between G. A. McLean & Co. and J. N. McLean on the one side, and Gwin on the other. During those years Gwin loaned the complainant and McLean & Co. various sums of money, for which he sometimes took promissory notes and at other times due-bills, and in some instances only charged the money loaned in an

open account.   He also performed services for the complainant and McLean & Co. as an attorney-at-law and charged his fees in open accounts.   McLean & Co., who were merchants doing a general retail business, sold goods to Gwin and charged him for the same in yearly open accounts, and they or the complainant made some cash payments to Gwin, which were charged against him in the open accounts of McLean & Co.   The complainant contended that there was no agreement as to the appropriation of such payments, and claimed that they should be applied by the court to the notes held by Gwin, some of which bear a high rate of interest.   Gwin, on the contrary, insisted that the open accounts of McLean & Co. and the complainant, including the payments referred to, should be set-off against his open accounts and due-bills, and that only the balance against him, if any, should be applied to the notes held by him ; and he claimed that he was authorized thus to appropriate the payments made and had done so.   The evidence was conflicting.   The Chancellor found that there had been no appropriation of payments by the parties, and ordered that the same be applied most beneficially for the complainant, that is, to the notes bearing the highest rate of interest.   From that decree Gwin appealed.

*Gwin & Noel,* for the appellant.

In considering this case the relative position and dealings of the parties ought to be regarded, and the intention of each can be gathered by the circumstances as well as by their declarations and acts.   We find J. E. Gwin advancing to G. A. McLean & Co. large amounts of money.   These advances are of a twofold character. Some are temporary loans, which are expected to be paid in a short time, and others are investments for which notes are taken to be paid on considerable time, and, again, accounts are made.   Is it not apparent that these temporary transactions were intended to be paid during the business season ?   Can it be supposed for a moment that the due-bills and accounts were intended as investments while the promissory notes were to be paid ?

" The rule is well settled that when a partial payment is made by a person indebted on more than one account, if there has been no actual appropriation by the debtor at or before the time of pay-

ment, the creditor may apply it as he pleases." *Bird* v. *Davis*, 14 N. J. Eq. ; *Bobs* v. *Stickney*, 36 Ala. 482 ; *Hargraves* v. *Cook*, 15 Ga. 321 ; *Holmes* v. *Pratt*, 34 Ga. 558 ; *Randal* v. *Paramore*, 1 Fla. 409 ; *Fargo* v. *Buell*, 21 Iowa 292; *Brewer* v. *Knapp*, 1 Pick. (Mass.) 332 ; *Alexandria* v. *Patton*, 4 Cranch 316 ; *Custer* v. *McCay*, 33 Miss. 445. And if applied to items barred by limitations, debtor cannot reject the application, 33 Miss. 405, " and the application may be made at any time before suit." In *Haynes* v. *Waite*, 14 Cal. 446 ; *Driver* v. *Fontner*, 5 Port. Ala., and *Burks* v. *Albert*, 4 J. J. Marsh (Ky.) 97, it is decided he may apply to an unsecured in preference to a secured debt. See also *Armstead* v. *Brooke*, 14 Ark. 521. The creditor, in the absence of instructions, has the right to apply payments on running accounts to preceding balances. *Jones* v. *U. S.*, 7 Howard 681. And when two notes are held and suit is brought on one, this is an election to apply payment to the other. *Starrett* v. *Barber*, 20 Me. 457.

*Hooker & Wilson*, for the appellee.

It has always been held that the civil law prevailed in this State as to the appropriation of payments. *McLaughlin* v. *Green*, 48 Miss. 205; 7 S. & M. 699; 25 Miss. 99; 50 Miss. 177; 52 Miss. 164.

The rules of the civil law as to appropriation of payments are succinctly stated by Messrs. Harris and George in their brief in the case of *McLaughlin* v. *Green*, 48 Miss.

The doctrine of the civil law is found in Story Equity Juris., § 459 d. We call the attention of the court to the rules laid down in note 3, p. 453 :

Rule 1st. The debtor has the first right to make the application.

Rule 2d. If the debtor, at the time of paying, makes no application, the creditor to whom the money is due for different causes may make the application by the *acquittance which he gives,* and under this the *application must be made at the instant* and must *be equitable.*

Rule 3d. If neither the debtor nor creditor make the application at the time of the payment, then the *law applies* it to *that debt which* the *debtor* had most *interest* to *discharge.*

These are the rules which govern the appropriation of payments

as has been settled by the various adjudications of this court. Gwin did not comply with either the second or third rule above stated in applying the payments in question in this case; and there being no proper appropriation of the payments by the parties, the application made by the court below was in accordance with the law.

COOPER J., delivered the opinion of the court.

The method of appropriating payments and credits adopted by the Chancellor is the correct one where no appropriation has been made by the parties and there is no contract express or implied that another shall be adopted. But where there is an express agreement between the parties, or a course of business from which an agreement would be implied that another rule shall control, the debtor cannot invoke the principle that appropriations are to be made in the manner most beneficial to him. Admitting that the accounts of the parties from year to year have not become accounts stated (and this as to some of the years seems to be more than probable), we are impelled to the belief that McLean believed, or ought to have believed, that Gwin understood the annual accounts were to be offset the one against the other, and only the balances due from him to McLean & Co. or to McLean were to be credited on the interest-bearing notes. Whatever he may have thought in this regard, we are satisfied that Gwin at least was entitled to rely upon such course of settlements. Under such circumstances it was error to appropriate the credits to the notes until all the mutual annual dealings had been settled by the application of debts and credits to their mutual extinguishment. It is immaterial whether there was or was not an actual appropriation by the parties, for the course of dealings was the equivalent of an express contract for appropriation from which the debtor cannot recede without the consent of the creditor. For this error the decree will be reversed. The accounts are too complicated to admit of their being settled in this court. We therefore decline to refer them to our clerk.

We express no opinion on the details of the accounting, since the errors, if any, may be corrected by the Chancellor when the case is remanded to the court below.